IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MY HEALTH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:14-cv-683-RWS-RSP |
| | § | |
| LIFESCAN, INC. | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Lifescan, Inc.'s ("Lifescan") Motion to Dismiss for Failure to State a Claim (Dkt. 15, the "Motion").

The Motion comes in the wake of a flurry of judicial activity surrounding 35 U.S.C. §101, which governs subject matter eligible for patent protection. The case most relied upon by Defendant – and the catalyst for the deluge of recent filings – is the Supreme Court's decision in *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). *Alice* reaffirmed the premise that abstract ideas are not patent-eligible under §101. *Id.*

Lifescan urges the Court to render My Health's patent invalid in the context of a Rule 12(b)(6) Motion to Dismiss. When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is

plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Under certain circumstances, a determination of patent validity under § 101 may be made at the pleading stage on a motion to dismiss. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 at 717 (Fed. Cir. 2014). However, while the issue of patentable subject matter presents a question of law, the legal analysis can – and often does – "contain underlying factual issues." *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013).

Lifescan argues, and My Health does not directly dispute, that claim construction is not a necessary prerequisite to a determination regarding eligibility under §101. (Reply at 1-2.) This is undoubtedly correct. *See Bancorp Servs., L.L.C. v. Sun Life Assurance Co.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012). While handling the issue of §101 eligibility at the pleading stage is permissible, those issues are often inextricably tied to claim construction. Thus, it seems a definitive ruling on eligibility before claim construction is only warranted in narrow circumstances, making such a ruling the exception rather than the rule.

The need for claim construction is especially apparent here, where Lifescan's invalidity argument is implicitly premised on its conclusions about the meanings of certain claim terms. (Mot. at 12-18.) In this case, the Court cannot simply assume that Lifescan's implicit positions on the meaning of claim terms are correct without a meaningful ability to examine fully what a person of ordinary skill in the art would interpret those terms to mean.

The difficulty of making a substantive ruling on the validity of an issued patent in what is – in essence – a complete vacuum cannot be understated. While the claim language of some

patents may be so clear that the court need only undertake a facial analysis to render it invalid at the pleading stage, that will not be the norm and is certainly not the case here.

Taken on its face, My Health's complaint and issued patent set forth a plausible claim to relief. Accordingly, Lifescan's contention that the complaint fails to state a claim under Rule 12(b)(6) is without merit.

## CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Lifescan, Inc.'s Motion to Dismiss for Failure to State a Claim (Dkt. 15) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **no later than March 29, 2015** shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 19th day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE